STATE OF NEBRASKA, APPELLEE, V. ALMA
RAMIREZ GONZALEZ, APPELLANT.

___ N.W.2d ___

Filed May 24, 2013.    No. S-10-1097.

1. **Jurisdiction: Appeal and Error.** An appellate court determines jurisdictional
   questions that do not involve a factual dispute as a matter of law.

Appeal from the District Court for Hall County: JAMES
D. LIVINGSTON, Judge. On motion for rehearing, reargument
granted. See 283 Neb. 1, 807 N.W.2d 759 (2012), for original
opinion. Original opinion withdrawn. Appeal dismissed.

Joshua W. Weir, of Dornan, Lustgarten & Troia, P.C., L.L.O.,
for appellant.

Jon Bruning, Attorney General, and James D. Smith for
appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK,
and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

In 2008, Alma Ramirez Gonzalez pled no contest to a charge
of fraudulently obtaining public assistance benefits. Before
accepting her plea, the district court advised her of the pos-
sible immigration consequences of her conviction.[1] Gonzalez
was later sentenced to 5 years' probation. On July 14, 2010,
she filed a motion to withdraw her plea, alleging she received
ineffective assistance of counsel because her counsel had not
told her that her conviction would result in automatic deporta-
tion. We conclude that Gonzalez' sole remedy was to file for
postconviction relief pursuant to the Nebraska Postconviction
Act[2] and that because she did not do so, both the district court
and this court lack jurisdiction over her motion. We therefore
dismiss Gonzalez' appeal.

---

[1] See Neb. Rev. Stat. § 29-1819.02 (Reissue 2008).

[2] Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2008 & Cum. Supp.
2012).

BACKGROUND

In December 2006, Gonzalez was detained by the federal government for living in the United States illegally. Deportation proceedings were commenced. The deportation proceedings were ongoing as of August 31, 2010.

In 2007, Gonzalez was arrested for fraudulently obtaining public assistance benefits in an amount greater than $500, a Class IV felony punishable by up to 5 years' imprisonment, a $10,000 fine, or both.[3] She was charged with this offense by an information filed on January 2, 2008.

On March 20, 2008, pursuant to a plea agreement, Gonzalez withdrew her initial plea of not guilty and pled no contest to the charge. In return for her no contest plea, the State agreed to recommend a term of probation. Before accepting Gonzalez' plea, the district court advised her that conviction of the offense could result in her deportation or a denial of her naturalization request. Gonzalez indicated that she understood these possible consequences. The court found Gonzalez guilty and subsequently sentenced her to a term of 5 years' probation. As a result of the conviction, Gonzalez became ineligible to remain in the United States.

On July 14, 2010, Gonzalez filed a "Motion to Withdraw Plea and Vacate Judgment" in the district court on the ground that she had received ineffective assistance of counsel. The motion was based on the U.S. Supreme Court's decision in *Padilla v. Kentucky*,[4] which was issued on March 31, 2010. *Padilla* held that defense counsel had a duty to advise clients of the risk of deportation arising from a guilty plea.

The district court held an evidentiary hearing on Gonzalez' motion. Gonzalez testified that she had not discussed the immigration consequences of her plea and conviction with her criminal trial counsel prior to the time she entered her plea. She testified that her trial counsel knew at the time she

---

[3] See Neb. Rev. Stat. §§ 28-105(1) (Reissue 2008) and 68-1017(2) (Reissue 2003).

[4] *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

entered her plea that Gonzalez was not a U.S. citizen, but that he did not know of her ongoing immigration proceedings. Gonzalez testified that if she had known of the immigration consequences of her conviction, she "would have looked for another solution" and not entered a plea. But Gonzalez also admitted that while the immigration consequences of a conviction were very important to her, she never asked her trial counsel whether there could be such consequences. Gonzalez testified that the immigration rights advisement given to her by the district court was done "very rapidly through the interpreter" and that she "didn't understand much." Gonzalez testified that she did not learn of the immigration consequences of her conviction until she consulted with her immigration attorney approximately 5 months before the hearing on her motion to withdraw.

The district court denied Gonzalez' motion to withdraw her plea. The court generally agreed that trial counsel performed deficiently in not advising Gonzalez that she would be deported as a result of her plea and conviction. But it concluded that Gonzalez was not entitled to relief, because she had failed to demonstrate that her counsel's deficient performance prejudiced her.[5] In other words, Gonzalez had not demonstrated a reasonable probability that she would not have entered the plea had counsel properly informed her of the immigration consequences of her plea and conviction. Gonzalez appealed.

After hearing oral arguments, this court issued an opinion on January 13, 2012.[6] In it, we concluded that Gonzalez' motion to withdraw her plea was procedurally proper based on common-law principles and that this court thus had jurisdiction over Gonzalez' appeal. We also assumed that the holding in *Padilla* would apply retroactively to Gonzalez. However, we concluded that Gonzalez failed to show that she would suffer a manifest injustice if she was unable to withdraw her

---

[5] See *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[6] See *State v. Gonzalez*, 283 Neb. 1, 807 N.W.2d 759 (2012).

plea, and accordingly, we affirmed the decision of the district court.

After our opinion was released, the State filed a motion for rehearing. The motion questioned our conclusion that Gonzalez' motion was procedurally proper—specifically, our conclusion that there is a common-law procedure under which a defendant whose conviction has become final may bring a motion to withdraw a plea. We granted the State's motion for rehearing.

After the motion for rehearing was granted and while the appeal was again pending before this court, the U.S. Supreme Court decided *Chaidez v. U.S.*[7] *Chaidez* held that the holding in *Padilla* requiring defense counsel to advise clients of the risk of deportation arising from a guilty plea did not apply retroactively to a defendant whose conviction became final before *Padilla* was decided. Based on *Chaidez*, it is now clear that Gonzalez' ineffective assistance of counsel claim is entirely without merit.[8]

But we granted rehearing in this case not to determine the merits of her claim, but instead to determine whether it was procedurally proper. We now withdraw the opinion issued on January 13, 2012, and substitute this opinion. We conclude that although a very limited common-law procedure exists, it was unavailable to Gonzalez because she could have raised an ineffective assistance of counsel claim under the Nebraska Postconviction Act (hereinafter the Act).[9] We therefore conclude that the district court lacked jurisdiction to hear Gonzalez' motion and that we similarly lack jurisdiction over this appeal.

## ASSIGNMENT OF ERROR

Gonzalez assigns, consolidated and restated, that the district court erred in denying her motion to withdraw her plea because she was denied the effective assistance of counsel.

---

[7] *Chaidez v. U.S.*, ___ U.S. ___, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013).

[8] See *State v. Zarate*, 264 Neb. 690, 651 N.W.2d 215 (2002).

[9] §§ 29-3001 to 29-3004.

## STANDARD OF REVIEW

[1] An appellate court determines jurisdictional questions that do not involve a factual dispute as a matter of law.[10]

## ANALYSIS

The issue presented by this appeal is whether a court has jurisdiction to consider a motion to withdraw a plea based on an allegation of ineffective assistance of counsel when the motion is filed after the underlying conviction is final. In such a case, the motion is a collateral attack upon the conviction.

There are two statutory avenues available to a defendant seeking to withdraw a plea after his or her conviction has become final. One is a purely statutory remedy, and the other is a statutory means of vindicating a constitutional right. In addition, as will be explained in more detail below, a limited common-law right to withdraw a plea also exists.

The first avenue is § 29-1819.02,[11] which requires district courts to advise defendants of the possible immigration consequences of a no contest or guilty plea and the resulting conviction before the district court can accept the plea. If the advisement prescribed by § 29-1819.02 is not given and an immigration consequence results from the conviction, § 29-1819.02 allows a convicted person to move to withdraw the plea and set aside the conviction. We have held that the motion to withdraw may be filed even if the conviction has become final so long as the defendant is still serving his or her sentence.[12] We have not yet addressed whether the motion may be filed after the sentence is served.[13] Here, the rights advisory required by § 29-1819.02 was read to Gonzalez, and thus, she does not and cannot move to withdraw her plea pursuant to § 29-1819.02.

The second statutory avenue available to a defendant seeking to withdraw a plea after his or her conviction has become

---

[10] *Project Extra Mile v. Nebraska Liquor Control Comm.*, 283 Neb. 379, 810 N.W.2d 149 (2012).

[11] See *State v. Yos-Chiguil*, 278 Neb. 591, 772 N.W.2d 574 (2009).

[12] *Id.*

[13] See *id.*

final is the Act. The Act is enacted to protect constitutional rights. Specifically, § 29-3001 currently provides:

(1) A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion, in the court which imposed such sentence, stating the grounds relied upon and asking the court to vacate or set aside the sentence.

Such motion must be filed within 1 year of the triggering event.[14] Gonzalez' ineffective assistance of counsel claim is rooted in her rights under the 6th and 14th Amendments to the U.S. Constitution and article I, § 11, of the Nebraska Constitution and thus falls within the purview of § 29-3001. And Gonzalez filed her motion within 1 year of the U.S. Supreme Court's decision in *Padilla*,[15] which, as noted, was the alleged basis for her claim that her trial counsel provided constitutionally ineffective assistance by failing to advise her that she would be deported if she entered a plea and was convicted. But Gonzalez' motion to withdraw her plea was not verified as is required by § 29-3001. Nor does the motion itself suggest that it was brought under the Act.

Indeed, Gonzalez does not argue that her motion was brought pursuant to the Act. Instead, she contends that the Act was not available to her because she was not "'in custody'" within the meaning of that Act.[16] And this court has held that a prisoner is "in custody" for purposes of the Act when on parole[17] or when sentenced to a term of court-ordered probation,[18] as well as when serving a term of incarceration. As such, Gonzalez was "in custody" under § 29-3001 during her 5-year term of

---

[14] § 29-3001(4).

[15] *Padilla, supra* note 4.

[16] Supplemental brief for appellant at 13.

[17] *State v. Thomas*, 236 Neb. 553, 462 N.W.2d 862 (1990).

[18] *Zarate, supra* note 8; *State v. Styskal*, 242 Neb. 26, 493 N.W.2d 313 (1992).

probation. Gonzalez even acknowledges in her briefs that she was still serving her sentence at the time she filed her motion to withdraw her plea.

But Gonzalez argues that she was in federal custody at the time she filed her motion to withdraw her plea and that thus, the Act was unavailable to her.[19] Assuming without deciding that a postconviction action cannot be brought during the time a defendant otherwise serving a Nebraska sentence is in federal custody, Gonzalez has neither pled nor proved that she was in federal custody for the entire 1-year period following the U.S. Supreme Court's decision in *Padilla*.[20]

We therefore conclude that on the record before us, Gonzalez has not shown that she could not have raised her ineffective assistance of counsel claim and sought to withdraw her plea under the Act. As such, we presume that the Act was available to her. As we noted above, Gonzalez did not file such an action.

The remaining question is whether a common-law procedure also authorized Gonzalez' motion to withdraw her plea after her conviction had become final. The State argues quite strenuously that there is no common-law procedure authorizing withdrawal of a plea after a conviction has become final and that our initial opinion incorrectly recognized one. In our initial opinion, we cited to nine cases holding that when a motion to withdraw a plea is filed after sentencing, withdrawal is proper only when the motion is timely and the defendant establishes by clear and convincing evidence that withdrawal is necessary to correct a manifest injustice.[21] Every one of the cited cases involved a motion to withdraw a plea that was filed after sentencing but before the judgment became final for purposes of collateral attack. We agree with the State that these cases do not support a finding that there is a common-law procedure whereby a defendant may move to withdraw a plea after the conviction has become final.

---

[19] See, generally, *State v. Whitmore*, 234 Neb. 557, 452 N.W.2d 31 (1990).

[20] See § 29-3001(4).

[21] *Gonzalez, supra* note 6 (citing cases).

But we did not cite those cases for just that proposition. Indeed, in the very next sentence, we stated, "That [manifest injustice] standard applies even where a motion to withdraw a plea has been made after the sentencing court's judgment has become final."[22] We cited two cases for this proposition—*State v. Holtan*[23] and *State v. Kluge*.[24] Upon further examination, we agree that *Holtan* does not support this proposition as strongly as our original opinion might have implied, as the motion to withdraw in that case was made in the context of a remand on federal habeas review. But *Kluge* does support our stated proposition.

In *Kluge*, the motion to withdraw the guilty plea was filed after the defendant pled guilty, was sentenced to a term of incarceration, and unsuccessfully filed a direct appeal. The motion was therefore a collateral attack on his conviction. And even though a concurring opinion challenged the procedural validity of the motion,[25] we addressed it on the merits. In doing so, we cited to the American Bar Association Standards Relating to Pleas of Guilty. We noted that standard 14-2.1(b) allowed a defendant to withdraw a guilty plea "'whenever'" he or she, "'upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.'"[26] We further noted that a manifest injustice occurs, among other things, "whenever the defendant proves that he was denied the effective assistance of counsel."[27]

In addition, we have more recently alluded to a common-law procedure authorizing the withdrawal of a plea after a conviction has become final.[28] In *State v. Yos-Chiguil*,[29] the

---

[22] *Id.* at 7, 807 N.W.2d at 765.

[23] *State v. Holtan*, 216 Neb. 594, 344 N.W.2d 661 (1984).

[24] *State v. Kluge*, 198 Neb. 115, 251 N.W.2d 737 (1977), *disapproved on other grounds*, *State v. Minshall*, 227 Neb. 210, 416 N.W.2d 585 (1987).

[25] *Kluge, supra* note 24 (Clinton, J., concurring).

[26] *Id.* at 118, 251 N.W.2d at 739.

[27] *Id.* at 119, 251 N.W.2d at 739.

[28] *Yos-Chiguil, supra* note 11.

[29] *Id.*

defendant pled guilty. Prior to accepting the guilty plea, the district court advised him of the immigration consequences of conviction, but did not follow the exact language of § 29-1819.02. The defendant was subsequently sentenced and then filed an unsuccessful direct appeal.

After the appeal mandate issued, the defendant filed a motion to withdraw his plea on the ground that the immigration advisement given by the district court was inadequate. The State argued that the district court lacked jurisdiction to decide the issue because we had held in *State v. Rodriguez-Torres*[30] that § 29-1819.02 did not create a procedure for setting aside a plea after a conviction based upon such plea has become final. We noted in *Yos-Chiguil* that the State's argument "both overstate[d] our holding in *Rodriguez-Torres* and overlook[ed] a critical difference between it" and *Yos-Chiguil*.[31] We explained that the issue in *Rodriguez-Torres* was whether the language of § 29-1819.02 created a statutory procedure, not whether any procedure at all existed. We expressly stated that "[b]ecause the issue was not presented to us [in *Rodriguez-Torres*,] we did not address whether a common-law remedy existed for withdrawal of the plea in that circumstance."[32]

The issue is now presented to us, and we conclude that *Kluge* and *Yos-Chiguil* recognize a common-law procedure for withdrawing a plea after a conviction has become final. Because neither of those cases explains the scope and parameters of that procedure, we do so now.

The procedure is civil, not criminal.[33] And it is available in extremely limited circumstances. The Legislature played a role in limiting those circumstances by providing that the Act "is not intended to be concurrent with any other remedy existing in the courts of the state. Any proceeding filed under the

---

[30] *State v. Rodriguez-Torres*, 275 Neb. 363, 746 N.W.2d 686 (2008).

[31] *Yos-Chiguil, supra* note 11, 278 Neb. at 595, 772 N.W.2d at 578.

[32] *Id*.

[33] See, *State v. Pratt*, 273 Neb. 817, 733 N.W.2d 868 (2007); *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005); *State v. Lotter*, 266 Neb. 245, 664 N.W.2d 892 (2003).

provisions of sections 29-3001 to 29-3004 which states facts which if true would constitute grounds for relief under another remedy shall be dismissed with prejudice."[34] We construe this to be the Legislature's statement of intent that the Act is the primary procedure for bringing collateral attacks based upon constitutional principles. In fact, this has been the way we have interpreted the Act for the last 48 years. Thus, if a defendant has a collateral attack that could be asserted under the Act, that Act is his or her sole remedy. Only if a defendant does not and never could have asserted the basis of his or her collateral attack under the Act may he or she invoke the common-law procedure and move to withdraw a plea after the conviction has become final.

Moreover, the common-law procedure is available only when the collateral attack is based upon a constitutional principle. On at least two occasions, this court has refused to create or recognize a nonstatutory procedure whereby defendants can raise claims related to criminal cases.[35] But in doing so, we noted that the procedures at issue were not "constitutionally mandated."[36] The situation before us is different. The right Gonzalez and similarly situated defendants seek to vindicate is a right to the effective assistance of counsel, which is a right granted by the Sixth Amendment to the U.S. Constitution. When such a right is at issue and there is no other means of vindicating it, we refuse to deny a defendant due process of law.[37]

We therefore hold that there is a Nebraska common-law procedure under which a defendant may move to withdraw a plea after his or her conviction has become final. This procedure is available only when (1) the Act is not, and never was, available as a means of asserting the ground or grounds

---

[34] § 29-3003.

[35] See, *State v. El-Tabech*, 259 Neb. 509, 610 N.W.2d 737 (2000); *State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999).

[36] *Louthan, supra* note 35, 257 Neb. at 186, 595 N.W.2d at 925. See *El-Tabech, supra* note 35.

[37] See, *El-Tabech, supra* note 35; *Louthan, supra* note 35. See, also, *Case v. Nebraska*, 381 U.S. 336, 85 S. Ct. 1486, 14 L. Ed. 2d 422 (1965).

justifying withdrawing the plea and (2) a constitutional right is at issue. In sum, this common-law procedure exists to safeguard a defendant's rights in the very rare circumstance where due process principles require a forum for the vindication of a constitutional right and no other forum is provided by Nebraska law.[38]

In this case, Gonzalez was "in custody" within the meaning of the Act during her 5-year term of probation. *Padilla* was decided during this time period, and it was that decision upon which Gonzalez' ineffective assistance of counsel claim depended. There is no showing in the record that the Act was unavailable to Gonzalez during the 1-year period following *Padilla*. We therefore conclude that Gonzalez' sole remedy was to move to withdraw her plea pursuant to the Act. Because she had an opportunity to do so under that Act, the common-law procedure for withdrawing her plea was unavailable to her. We find that the district court lacked jurisdiction to consider the motion and that we lack jurisdiction over Gonzalez' appeal.

## CONCLUSION

For the reasons discussed herein, we withdraw our prior opinion in *Gonzales*[39] and substitute this opinion in which we conclude that the district court lacked jurisdiction over Gonzalez' motion. We similarly lack jurisdiction over her appeal, and as such, the appeal is dismissed.

APPEAL DISMISSED.

CASSEL, J., not participating.

---

[38] *Id*.

[39] *Gonzalez, supra* note 6.