that can arise from the use of demonstrative exhibits in jury deliberations, this discretion is not unlimited. Due to the lack of limiting instructions and the complete absence of safeguards employed in the instant case, the district court abused its discretion in allowing the jury to use the State's "road map" of its case—admitted for demonstrative purposes only—during deliberations without giving a limiting instruction. We find this error to be prejudicial. Therefore, we reverse the judgment and remand the cause for a new trial.

Reversed and remanded for a new trial.

Connolly and Miller-Lerman, JJ., participating on briefs.

———————

State of Nebraska, appellee, v. Edgar J.
Chiroy Osorio, appellant.
___ N.W.2d ___

Filed August 2, 2013.    No. S-12-580.

1. **Appeal and Error.** To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below.
2. **Constitutional Law: Postconviction.** A defendant seeking relief under the postconviction statutes must (1) file a verified motion in the court which imposed the prior sentence, stating the grounds relied upon and asking for relief; (2) be in custody under sentence; and (3) allege a denial or infringement of the defendant's constitutional rights.
3. ____: ____. A "manifest injustice" common-law claim must be founded on a constitutional right that cannot and never could have been vindicated under the Nebraska Postconviction Act or by any other means.
4. **Judgments: Appeal and Error.** An expression of the trial court's reasoning is always encouraged and assists appellate review. Yet, a correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.

Appeal from the District Court for Dodge County: Geoffrey C. Hall, Judge. Affirmed.

Bilal A. Khaleeq and Daniel S. Reeker, of Khaleeq Law Firm, L.L.C., for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

McCormack, J.

## NATURE OF CASE

Edgar J. Chiroy Osorio appeals from the district court's dismissal of his motion to withdraw a plea of guilty and to vacate a 2002 conviction, for which he has already served his sentence. Chiroy Osorio's claims stem from the failure to advise him of the possible immigration consequences of that plea. Chiroy Osorio is not a U.S. citizen and was deported as a result of the 2002 conviction. He reentered the United States and alleges that he again faces deportation as a result of the 2002 plea.

## BACKGROUND

In June 2002, pursuant to a plea agreement, Chiroy Osorio pled no contest to attempted first degree arson. He was sentenced on July 22, 2002, to a term of 20 to 24 months' incarceration, with credit for 101 days served. Chiroy Osorio was discharged from prison on April 11, 2003, and was thereafter removed from the United States.

At the time of the 2002 plea, Neb. Rev. Stat. § 29-1819.02 (Reissue 2008) was not yet in effect. That statute requires a special advisement by the court before accepting a plea of guilty or nolo contendere from a noncitizen. Section 29-1819.02 became effective 2 days before Chiroy Osorio's sentencing. According to Chiroy Osorio's affidavit, neither the district court nor defense counsel advised Chiroy Osorio of the possible immigration consequences of his plea at any time before the conviction became final.

Approximately 10 years after his plea, on April 16, 2012, Chiroy Osorio filed a motion to withdraw his plea of no contest and vacate the 2002 conviction. Chiroy Osorio alleged that the district court had authority to grant such a motion under

either § 29-1819.02, the Nebraska Postconviction Act,[1] or the common-law right recognized in *State v. Gonzalez*.[2] Chiroy Osorio alleged that his plea and conviction were obtained in violation of his due process rights and that trial counsel was ineffective because he was not advised of the immigration consequences of his guilty plea. Chiroy Osorio alleged that had he been properly advised, he would not have made such a plea. Chiroy Osorio alleged that as a result of the ineffectiveness of his 2002 trial counsel, Chiroy Osorio is currently subject to removal proceedings and denial of naturalization under the Immigration and Nationality Act.[3]

At a hearing on the motion, Chiroy Osorio's counsel explained that Chiroy Osorio had reentered the United States and was currently facing federal charges. It was only when Chiroy Osorio retained his current counsel that he discovered any potential claim related to the 2002 plea. The only evidence offered by Chiroy Osorio was his own affidavit. He averred that his attorney did not advise him his plea would have immigration consequences and that he would never have pled guilty had he known how his plea would affect his immigration status. The court also took judicial notice of its prior proceedings, in which it had failed to advise Chiroy Osorio of the immigration consequences of his plea.

The State moved to dismiss the motion to withdraw the plea. The State argued that there was no cause of action under § 29-1819.02, because the plea was entered before July 20, 2002; that Chiroy Osorio had waived any due process claims by entering the plea; that Chiroy Osorio was not entitled to postconviction relief because he was no longer in custody; and that Chiroy Osorio's affidavit was insufficient evidence of ineffective assistance of counsel to overcome a motion to dismiss.

---

[1]  Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012).

[2]  *State v. Gonzalez*, 285 Neb. 940, 830 N.W.2d 504 (2013) (original opinion found at 283 Neb. 1, 807 N.W.2d 759 (2012), withdrawn on motion for rehearing).

[3]  See 8 U.S.C. § 1101 et seq. (2006 & Supp. V 2011).

The court took the matter under advisement. Subsequently, in a written order in which it did not expressly state its reasoning, the district court denied Chiroy Osorio's motion to withdraw the plea and vacate the conviction. Chiroy Osorio appeals.

## ASSIGNMENTS OF ERROR

Chiroy Osorio assigns that the district court erred (1) when it denied his motion to withdraw his plea and vacate his conviction because his due process rights were violated when he was not advised of the immigration consequences of his plea, (2) when it determined that he could not withdraw his plea even though the court did not read the statutory advisement of § 29-1819.02 before sentencing him, and (3) when it failed to explain with any detail why it denied his motion as it places an unnecessarily unreasonable burden on Chiroy Osorio during his appeals process.

## STANDARD OF REVIEW

[1] To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below.[4]

## ANALYSIS

Chiroy Osorio attempted to collaterally attack his plea under (1) the postconviction statute, (2) § 29-1819.02, and (3) the common-law "manifest injustice" procedure recognized in *Gonzalez*.[5] The district court correctly determined that none of these avenues provide a basis for relief in this case.

[2] A defendant seeking relief under the postconviction statutes must (1) file a verified motion in the court which imposed the prior sentence, stating the grounds relied upon and asking for relief; (2) be in custody under sentence; and (3) allege a denial or infringement of the defendant's constitutional rights.[6]

---

[4] *Hartman v. Hartman*, 261 Neb. 359, 622 N.W.2d 871 (2001).

[5] *State v. Gonzalez, supra* note 2, 285 Neb. at 947, 830 N.W.2d at 509.

[6] See § 29-3001. See, also, *State v. Miller*, 6 Neb. App. 363, 574 N.W.2d 519 (1998).

Chiroy Osorio failed to allege in his postconviction motion that he was in custody. And at the hearing on his motion, Chiroy Osorio presented no evidence that he was in custody. Because he failed to demonstrate he was in custody, the lower court could not grant postconviction relief.[7]

Chiroy Osorio has no claim under § 29-1819.02, because his plea was accepted before July 20, 2002. Section 29-1819.02(3) states in part:

> With respect to pleas accepted prior to July 20, 2002, it is not the intent of the Legislature that a court's failure to provide the advisement required by subsection (1) of this section should require the vacation of judgment and withdrawal of the plea or constitute grounds for finding a prior conviction invalid.

Although that subsection also states that nothing therein "shall be deemed to inhibit a court, in the sound exercise of its discretion, from vacating a judgment and permitting a defendant to withdraw a plea," we held in *State v. Rodriguez-Torres*[8] that this language did not create a new statutory procedure pursuant to which a plea entered before July 20, 2002, could be withdrawn after the person convicted of the crime had already served his sentence. And the Legislature has acquiesced in this interpretation.[9] Section § 29-1819.02, therefore, confers no basis for relief for the 2002 plea.

[3] A "manifest injustice" common-law claim must be founded on a constitutional right that cannot and never could have been vindicated under the Nebraska Postconviction Act or by any other means.[10] Chiroy Osorio seeks to vindicate the constitutional right set forth in *Padilla v. Kentucky*.[11] In *Padilla*, the U.S. Supreme Court held that in order to satisfy

---

[7] See *State v. Miller, supra* note 6.

[8] *State v. Rodriguez-Torres*, 275 Neb. 363, 746 N.W.2d 686 (2008). See, also, *State v. Yos-Chiguil*, 278 Neb. 591, 772 N.W.2d 574 (2009).

[9] See *State v. Policky*, 285 Neb. 612, 828 N.W.2d 163 (2013).

[10] *State v. Gonzalez, supra* note 2, 285 Neb. at 947, 830 N.W.2d at 509.

[11] *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

the Sixth Amendment standards of competent representation, counsel must inform the client whether a plea carries a risk of deportation.[12]

Because Chiroy Osorio was not in custody during any relevant time period, he never could have vindicated his claimed constitutional right under the Nebraska Postconviction Act.[13] And there is currently no other means to vindicate a *Padilla* right. However, the *Padilla* right Chiroy Osorio seeks to vindicate does not apply to the 2002 plea.

The U.S. Supreme Court in *Chaidez v. U.S.*[14] held that *Padilla* announced a new rule within the meaning of *Teague v. Lane*.[15] Thus, defendants whose convictions became final before *Padilla* could not benefit from its holding.[16] Stated another way, the *Padilla* right is not retroactive.[17]

Chiroy Osorio's conviction became final nearly a decade before *Padilla*. The district court properly denied Chiroy Osorio's motion to withdraw his plea, because the constitutional right under which Chiroy Osorio claimed manifest injustice was inapplicable as a matter of law.

[4] Chiroy Osorio separately assigns as error the failure of the district court to explain its reasoning in its order denying his motion to withdraw his 2002 plea. An expression of the trial court's reasoning is always encouraged and assists appellate review. Yet, a correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.[18] There are no statutes, rules, or case law which would require setting aside a correct result simply because the lower court failed to articulate its reasoning. Given the clarity of the U.S. Supreme Court's holding in *Chaidez* and Chiroy

---

[12] *Id.*

[13] See § 29-3001(4)(d).

[14] *Chaidez v. U.S.*, ___ U.S. ___, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013).

[15] *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).

[16] *Id.*

[17] See *id.*

[18] See, e.g., *Feloney v. Baye*, 283 Neb. 972, 815 N.W.2d 160 (2012); *Keithley v. Black*, 239 Neb. 685, 477 N.W.2d 806 (1991).

Osorio's failure to so much as allege the necessary elements of relief under the postconviction statutes or § 29-1819.02, we find the district court's failure to articulate its reasoning inconsequential.

## CONCLUSION

We affirm the district court's denial of Chiroy Osorio's motion to withdraw his plea and vacate his conviction.

Affirmed.

———————

Steven Banks et al., each and all as individuals, property owners, taxpayers, and as supervisors serving districts 1 through 7, all of the County of Knox, and County of Knox, State of Nebraska, appellees and cross-appellants, v. Dave Heineman, Governor, et al., appellants and cross-appellees.

___ N.W.2d ___

Filed August 2, 2013.    No. S-12-723.

1.  **Constitutional Law: Statutes: Appeal and Error.** Whether a statute is constitutional is a question of law; accordingly, the Nebraska Supreme Court is obligated to reach a conclusion independent of the decision reached by the court below.
2.  **Constitutional Law: Statutes: Presumptions.** A statute is presumed to be constitutional, and all reasonable doubts will be resolved in favor of its constitutionality.
3.  **Taxation: Words and Phrases.** An excise tax is a tax imposed on the manufacture, sale, or use of goods or on an occupation or activity, and is measured by the extent to which a privilege is exercised by the taxpayer, without regard to the nature or value of the taxpayer's assets.
4.  **Taxation.** An excise tax is imposed upon the performance of an act.
5.  ____. An excise tax includes taxes sometimes designated by statute or referred to as "privilege taxes," "license taxes," "occupation taxes," and "business taxes."
6.  **Taxation: Property: Valuation.** A property tax is levied on real or personal property, with the amount of the tax usually dependent upon the value of the property.
7.  **Constitutional Law: Intent.** Constitutional provisions are not open to construction as a matter of course; construction is appropriate only when it has been demonstrated that the meaning of the provision is not clear and that construction is necessary.