## VI. CONCLUSION

We hold that the trial court properly denied Hill's motions to suppress and motion in limine, and we find the evidence sufficient to support the jury's verdict of first degree murder. We affirm the judgment below.

Affirmed.

———————

State of Nebraska, appellee, v.
Brian D. Smith, appellant.
___ N.W.2d ___

Filed August 8, 2014.    No. S-13-891.

1. **Jurisdiction: Appeal and Error.** An appellate court determines a jurisdictional question that does not involve a factual dispute as a matter of law.
2. **Judgments: Appeal and Error.** When issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.
3. **Constitutional Law: Postconviction: Collateral Attack: Final Orders.** The Nebraska Postconviction Act is the primary procedure for bringing collateral attacks on final judgments in criminal cases based upon constitutional principles.
4. **Postconviction: Collateral Attack.** If a defendant has a collateral attack that could be asserted under the Nebraska Postconviction Act, that act is his or her sole remedy.

Appeal from the District Court for Washington County: John E. Samson, Judge. Appeal dismissed.

Jeffery A. Pickens, of Nebraska Commission on Public Advocacy, for appellant.

Jon Bruning, Attorney General, and James D. Smith and appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Stephan, J.
In 1983, when he was 16 years old, Brian D. Smith was convicted of burglary and kidnapping. He was sentenced to

life in prison for the kidnapping and to a term of 5 to 20 years' imprisonment for the burglary. In 2013, Smith filed a motion seeking to have his life sentence declared void and set aside pursuant to the decision of the U.S. Supreme Court in *Graham v. Florida*.[1] The district court for Washington County dismissed the motion after concluding it lacked jurisdiction to consider it. Smith appeals from that dismissal.

## BACKGROUND

In February 1983, Smith was charged in Washington County with burglary, robbery, kidnapping, and first degree sexual assault. Each offense was allegedly committed on or about January 11. Following plea negotiations, Smith pled guilty to burglary and kidnapping, and the remaining charges and a felony murder charge pending in a separate proceeding were dismissed. The factual basis of the charges was that Smith broke into a doughnut shop and abducted an employee of the shop. At the time of the plea hearing on March 21, the victim had not been found. But both the prosecutor and Smith acknowledged that there was no reasonable probability that she was still alive.

At the sentencing hearing on May 2, 1983, the prosecutor advised the court that the victim's body had been recovered. Because then, as now, kidnapping was a Class IA felony in the absence of statutory mitigating factors not present in this case, the court imposed the mandatory sentence of life imprisonment.[2] The court also imposed a concurrent sentence of 5 to 20 years' imprisonment on the burglary conviction. Smith was 16 years old when he committed his crimes and 17 years old at the time of his sentencing.

Although Smith remains in the custody of the Nebraska Department of Correctional Services, he is incarcerated in Missouri pursuant to an inmate transfer. On January 3, 2013, he filed a pro se "Motion to Correct Illegal, Unconstitutional

---

[1] *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010).

[2] See Neb. Rev. Stat. §§ 28-105 and 28-313 (Reissue 1979 & Cum. Supp. 2012).

and Void Sentence" in the district court for Washington County. In that motion, he alleged that his life sentence was "illegal, unconstitutional, and void" under the decision of the U.S. Supreme Court in *Graham v. Florida*.[3] In that case, decided in 2010, the Court held that "the Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide."[4]

After conducting an evidentiary hearing at which Smith was represented by counsel, the district court concluded that it lacked jurisdiction over Smith's motion because "(1) it has not been brought under a recognized procedure under Nebraska law; and, (2) the sentence is currently valid and cannot be modified, amended, or revised in any way." Smith perfected this timely appeal.

## ASSIGNMENTS OF ERROR

Smith assigns, restated, that the district court erred in (1) failing to find that the decision in *Graham v. Florida* applies retroactively to invalidate his life sentence and (2) dismissing his motion seeking to correct his sentence.

## STANDARD OF REVIEW

[1,2] An appellate court determines a jurisdictional question that does not involve a factual dispute as a matter of law.[5] When issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.[6]

## ANALYSIS

Before it could pass on the substantive legal issue of whether the holding in *Graham v. Florida* is retroactive and therefore applicable to Smith, the district court was required to determine whether it had jurisdiction to do so. We therefore

---

[3] *Graham v. Florida*, *supra* note 1.

[4] *Id.*, 560 U.S. at 82.

[5] *State v. Robinson*, 287 Neb. 606, 843 N.W.2d 672 (2014); *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011).

[6] *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013).

focus on that issue, which is embodied in Smith's second assignment of error.

[3,4] Smith's convictions and sentences have been final for more than 30 years. He now seeks to collaterally attack the final judgment on the ground that his life sentence is unconstitutional and therefore void under *Graham v. Florida* because of his age at the time of the kidnapping. As we have recently noted, the Nebraska Postconviction Act[7] is the primary procedure for bringing collateral attacks on final judgments in criminal cases based upon constitutional principles.[8] If a defendant has a collateral attack that could be asserted under the act, that act is his or her sole remedy.[9]

Smith has not brought this action under the Nebraska Postconviction Act. He acknowledges that such a claim would be time barred under § 29-3001(4). It is precisely because of this fact that he seeks relief under a purported common-law remedy. He relies upon our statement in *State v. Ryan*[10] that "a void judgment may be attacked at any time in any proceeding."

But that reliance is misplaced. We addressed and rejected a similar argument in *State v. Dunster*.[11] There, the defendant moved to vacate his death sentence as void based upon changes in Nebraska's capital sentencing statutes enacted after his conviction and sentence became final. The defendant acknowledged that he did not bring the action under the Nebraska Postconviction Act and argued that this court should recognize a new procedure for the challenge of a purportedly void sentence. Like Smith, he relied on the language in *Ryan* stating that a void judgment may be attacked at any time in any proceeding. We rejected this argument and declined to recognize a new common-law procedure, explaining that

---

[7] Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 2008 & Cum. Supp. 2012)

[8] *State v. Gonzalez*, 285 Neb. 940, 830 N.W.2d 504 (2013).

[9] *Id*.

[10] *State v. Ryan*, 249 Neb. 218, 230, 543 N.W.2d 128, 138 (1996), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

[11] *State v. Dunster*, 270 Neb. 773, 707 N.W.2d 412 (2005).

*Ryan* and other cases stating the proposition on which he relied were distinguishable because they "involved the use of a legislatively authorized procedure such as a postconviction action and did not seek the recognition of a new special proceeding."[12] We specifically declined "to extend [the language used in *Ryan*] to allow the creation of new procedures, especially when at least one existing procedure is available in which to raise the issue."[13]

Smith argues that *Dunster* is not controlling because at the time it was decided, the Nebraska Postconviction Act did not include a statute of limitations. That is factually correct; the 1-year statute of limitations codified at § 29-3001(4) was enacted in 2011.[14] But § 29-3001(4) became effective more than a year after the decision in *Graham v. Florida*, upon which Smith bases his claim that his sentence is void. Thus, when the basis for Smith's current claim arose, there was no statute of limitations for postconviction motions, as was the case in *Dunster*. And in any event, Smith had considerable time to file a postconviction motion after the enactment of the limitation provision. Section 29-3001 provides:

(4) A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

---

[12] *Id*. at 786, 707 N.W.2d at 422.

[13] *Id*.

[14] See 2011 Neb. Laws, L.B. 137, § 1 (effective Aug. 27, 2011).

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.

Smith acknowledges that he "had until August 27, 2012 to file a postconviction motion raising his *Graham v. Florida* claim" and that he "missed that deadline."[15] Thus, as in *Dunster*, Smith had a remedy under the Nebraska Postconviction Act.

In two cases, we have recognized a common-law remedy to set aside a plea-based conviction where the defendant had no remedy under the Nebraska Postconviction Act. In *State v. Ewert*,[16] the defendant was convicted of a drug offense and fined but not incarcerated. He subsequently moved to set aside the conviction on the ground that the statute which defined the offense did not become effective until after the alleged violation which formed the basis of the conviction. No appeal had been filed, and a remedy under the Nebraska Postconviction Act was unavailable, because the defendant was not sentenced to imprisonment and thus was never "in custody under sentence."[17] On these facts, we held that the district court had jurisdiction to set aside the facially void conviction.

More recently, in *State v. Yuma*,[18] we held that a defendant who was immediately released upon sentencing, because of credit for time served, was never "'in custody under sentence'"[19] and therefore could file a common-law motion to withdraw his guilty plea on the ground that his attorney was constitutionally ineffective in failing to advise him of the immigration consequences of his plea as required by *Padilla*

---

[15] Brief for appellant at 12.

[16] *State v. Ewert*, 194 Neb. 203, 230 N.W.2d 609 (1975).

[17] § 29-3001(1).

[18] *State v. Yuma*, 286 Neb. 244, 835 N.W.2d 679 (2013).

[19] *Id.* at 248, 835 N.W.2d at 683.

*v. Kentucky*.[20] *Yuma* was an application of the common-law remedy we recognized in *State v. Gonzalez*,[21] which requires a showing that the Nebraska Postconviction Act "is not, and never was, available as a means of asserting the ground or grounds justifying withdrawing the plea." As we noted in *Yuma* and *Gonzalez*, "'this common-law procedure exists to safeguard a defendant's rights in the very rare circumstance where due process principles require a forum for the vindication of a constitutional right and no other forum is provided by Nebraska law.'"[22]

Such circumstances are not present here. Smith could have asserted his *Graham v. Florida* claim under the Nebraska Postconviction Act, but failed to do so within the time limits prescribed by the Legislature. Were we to recognize a common-law remedy for the purpose of asserting time-barred postconviction claims, we would be undermining the purpose of the Legislature in enacting § 29-3001(4).

We note that a claim that a criminal sentence is void may be a ground for relief in the form of a writ of habeas corpus.[23] Smith did not seek a writ of habeas corpus in this case, and we therefore make no comment on his entitlement to such relief.

We conclude that the district court did not err in determining that it lacked jurisdiction to consider Smith's motion and in dismissing it without reaching its merit. Because the district court lacked jurisdiction, we similarly lack jurisdiction and therefore dismiss the appeal.

APPEAL DISMISSED.

---

[20] *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

[21] *State v. Gonzalez, supra* note 8, 285 Neb. at 949-50, 830 N.W.2d at 511.

[22] *State v. Yuma, supra* note 18, 286 Neb. at 247, 835 N.W.2d at 682, quoting *State v. Gonzalez, supra* note 8.

[23] See, e.g., *Berumen v. Casady*, 245 Neb. 936, 515 N.W.2d 816 (1994).