Elizabeth's recounting of the events at trial differed somewhat from her statements to Warner, and her statements to Warner themselves were not identical. This was a matter that the jury could consider when weighing Elizabeth's testimony and credibility, but it is not a matter for us. Our question is only whether a reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt.[30] The credibility and weight of witness testimony is the province of the jury, and we will not reassess credibility on appellate review.[31]

## CONCLUSION

We conclude that the out-of-court statements Oseka and Guidebeck testified about were excited utterances, and therefore admissible despite their hearsay status. And we conclude that the evidence is sufficient to support Hale's conviction for murder in the first degree.

AFFIRMED.

HEAVICAN, C.J., participating on briefs.

---

[30] See *State v. Matit, supra* note 4.
[31] See, *State v. Tolbert*, 288 Neb. 732, 851 N.W.2d 74 (2014); *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011).

---

STATE OF NEBRASKA, APPELLEE, V.
RAMEZ MERHEB, APPELLANT.

___ N.W.2d ___

Filed February 6, 2015.    No. S-14-315.

1. **Appeal and Error.** To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below.
2. **Constitutional Law: Postconviction.** A manifest injustice common-law claim must be founded on a constitutional right that cannot and never could have been vindicated under the Nebraska Postconviction Act or by any other means.
3. **Constitutional Law: Effectiveness of Counsel: Convictions.** As a general proposition, counsel's advice about collateral matters—those not involving the direct consequences of a criminal conviction—are irrelevant under the Sixth Amendment.

Appeal from the District Court for Lancaster County: John A. Colborn, Judge. Affirmed.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, and Miller-Lerman, JJ.

Heavican, C.J.

## INTRODUCTION

Ramez Merheb filed a verified motion to set aside his plea. The district court denied the motion. Merheb appeals. We affirm.

## FACTUAL BACKGROUND

On October 6, 2008, Merheb pled guilty to attempted possession of marijuana with intent to deliver. On December 2, he was sentenced to 1 to 2 years' imprisonment. No direct appeal was filed.

On May 22, 2009, Merheb filed a motion for postconviction relief. In the motion, Merheb alleged that he received ineffective assistance of counsel when his immigration counsel provided erroneous advice regarding the consequences of his conviction. Merheb further alleged that he would not have pled guilty and would have pursed an appeal on the denial of a motion to suppress in his case had his counsel acted effectively.

The district court denied Merheb's motion on June 26, 2009. Merheb appealed to the Nebraska Court of Appeals on July 7. On December 17, the State filed a suggestion of mootness, because Merheb had been released from prison on May 23 and his parole had expired on November 17. The State argued that because he was no longer under a term of imprisonment or parole, Merheb had no right to postconviction relief. The Court of Appeals dismissed Merheb's appeal as moot on January 20, 2010. We denied Merheb's petition for

further review on March 10, and the mandate was spread by the district court on March 26.

On March 31, 2010, the U.S. Supreme Court decided *Padilla v. Kentucky*.[1] In *Padilla*, the Court held that in order to comply with Sixth Amendment standards regarding competent representation, counsel must inform a client whether a plea carries a risk of deportation. On February 20, 2013, the Court held in *Chaidez v. U.S.*[2] that its decision in *Padilla* was a new rule and not retroactive, and that defendants whose convictions became final before *Padilla* could not benefit from its holding.

On August 16, 2012, Merheb filed a motion to set aside his plea. He alleged that his immigration counsel was ineffective in providing "clearly erroneous and unreasonable information as the immigration consequences of the plea agreement and resulting conviction." Merheb further alleged that if not for the erroneous immigration advice, he would have proceeded to trial or otherwise preserved his right to appeal the order denying his motion to suppress, and that the relief was necessary to correct a manifest injustice.

The district court denied Merheb's motion, reasoning that his conviction was final prior to the Court's decision in *Padilla* and that thus, *Padilla* was inapplicable to Merheb. The district court further noted that under this court's decision in *State v. Gonzalez*,[3] the common-law right to withdraw a plea after final judgment was narrow. The district court reasoned that because Merheb's motion to set aside his plea was filed more than 2 years after *Padilla*, it was not timely for *Gonzalez* purposes.

Merheb appeals.

## ASSIGNMENT OF ERROR

Merheb assigns, restated and consolidated, that the district court erred in denying his motion to set aside his plea.

---

[1] *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

[2] *Chaidez v. U.S.*, ___ U.S. ___, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013).

[3] *State v. Gonzalez*, 285 Neb. 940, 830 N.W.2d 504 (2013).

## STANDARD OF REVIEW

[1] To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below.[4]

## ANALYSIS

On appeal, Merheb assigns a number of errors which can be consolidated as one: that the district court erred in denying his motion to set aside his plea.

In his motion, Merheb attempts to set aside his plea on just one ground—that his immigration counsel was ineffective. He had previously filed a motion for postconviction relief which was denied as moot; he makes no argument in this motion that postconviction relief is currently available to him. Nor does he argue that he could withdraw his plea due to the failure of the trial court to inform him of the necessary advisements under Neb. Rev. Stat. § 29-1819.02 (Reissue 2008). In fact, a review of the trial record reveals that Merheb was given the necessary advisements under § 29-1819.02.

[2] Thus, the only avenue Merheb seeks to use here is that of the "manifest injustice" procedure which this court recognized in *State v. Gonzalez*.[5] A manifest injustice common-law claim must be founded on a constitutional right that cannot and never could have been vindicated under the Nebraska Postconviction Act or by any other means.[6] Merheb seeks to vindicate the constitutional right set forth in *Padilla*, where the U.S. Supreme Court held that Sixth Amendment standards of competent representation require counsel to inform his or her client whether a plea carries a risk of deportation.[7]

We assume for the purposes of this appeal that Merheb could not have vindicated this claimed constitutional right in a postconviction action, because he was released from prison and parole before his postconviction claim could be decided

---

[4] *State v. Chiroy Osorio*, 286 Neb. 384, 837 N.W.2d 66 (2013).

[5] *State v. Gonzalez, supra* note 3.

[6] See *id*.

[7] *Padilla v. Kentucky, supra* note 1.

on appeal. But we conclude that the district court did not err in dismissing Merheb's motion, because Merheb is not entitled to relief.

[3] As a general proposition, counsel's advice about collateral matters—those not involving the direct consequences of a criminal conviction—are irrelevant under the Sixth Amendment.[8] Such an analysis is excluded from a *Strickland v. Washington*[9] analysis on the ineffectiveness of counsel.[10] But in *Padilla*, the Court concluded that no such distinction should apply in the case of deportation, because deportation was "unique"[11] in that it was "particularly severe,"[12] was "intimately related to the criminal process,"[13] and was "nearly an automatic result"[14] of some convictions. Later, in *Chaidez*, the Court noted that the rule from *Padilla* counted as "'break[ing] new ground' or 'impos[ing] a new obligation'"[15] for purposes of a retroactivity analysis under *Teague v. Lane*,[16] and thus was not retroactive in its application.

There is no distinction in the application of these principles based upon whether counsel failed to give any advice regarding immigration consequences or whether counsel instead gave erroneous advice. As noted by the Seventh Circuit in *Chavarria v. U.S.*,[17] the Court in neither *Padilla* nor *Chaidez* found any relevant distinction between the two: "There is no question that the [*Chaidez*] majority understood that *Padilla* announced a new rule for all advice, or lack thereof, with

---

[8] See *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011). See, generally, *Chaidez v. U.S., supra* note 2.

[9] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[10] See, *State v. Yos-Chiguil, supra* note 8; *Chaidez v. U.S., supra* note 2.

[11] *Padilla v. Kentucky, supra* note 1, 559 U.S. at 365.

[12] *Id.*

[13] *Id.*

[14] *Id.*, 559 U.S. at 366.

[15] *Chaidez v. U.S., supra* note 2, 133 S. Ct. at 1110.

[16] *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).

[17] *Chavarria v. U.S.*, 739 F.3d 360, 363 (7th Cir. 2014).

respect to the consequences of a criminal conviction for immigration status."

Thus, prior to the decision in *Padilla*, whether counsel informed a defendant of the potential immigration consequences of a conviction was excluded from analysis under *Strickland*. And under *Chaidez*, the right granted in *Padilla* is not retroactive. Thus, if a conviction was final as of the date of the Court's decision in *Padilla*, a criminal defendant cannot benefit from the *Padilla* holding.

Because Merheb did not appeal from his conviction and sentence, Merheb's conviction became final in early January 2009—30 days after his sentence was imposed by the trial court. *Padilla* was not decided until March 31, 2010. Thus, the constitutional right under which Merheb seeks relief is inapplicable as a matter of law and the procedure set forth under *Gonzalez* is unavailable. Merheb's argument that the district court erred in denying his motion to set aside his plea is without merit.

## CONCLUSION

The district court's denial of Merheb's motion to set aside his plea is affirmed.

AFFIRMED.

CASSEL, J., not participating.

———————

STATE OF NEBRASKA, APPELLEE, V.
TRENT R. ESCH, APPELLANT.
___ N.W.2d ___

Filed February 6, 2015.    No. S-14-471.

1. **Evidence: Appeal and Error.** In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.