STATE OF NEBRASKA, APPELLEE, V.
JULIO CHOJOLAN, APPELLANT.
___ N.W.2d ___

Filed August 8, 2014.    No. S-12-1113.

1. **Jurisdiction: Appeal and Error.** Subject matter jurisdiction is a question of law
   for the court, which requires an appellate court to reach a conclusion independent
   of the lower court's decision.

Appeal from the District Court for Douglas County: DUANE
C. DOUGHERTY, Judge. Affirmed in part, and in part reversed
and remanded.

Bilal A. Khaleeq and Daniel S. Reeker, of Khaleeq Law
Firm, L.L.C., for appellant.

Jon Bruning, Attorney General, and Nathan A. Liss for
appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK,
MILLER-LERMAN, and CASSEL, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
The issues presented in this appeal surround the failures
of defense counsel and the court to advise a defendant of the
immigration consequences of a plea of guilty or nolo conten-
dere prior to the acceptance of the plea.

Julio Chojolan appeals the October 24, 2012, order of the
district court for Douglas County in which the court dismissed
his motion to withdraw his guilty plea in a 2006 conviction for
attempted possession of a controlled substance. With respect
to defense counsel's failure to advise, the district court con-
cluded that the principles recognized in *Padilla v. Kentucky*,
559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010),
did not apply retroactively to Chojolan. This ruling was not
error with respect to the court's failure to advise. The dis-
trict court reasoned that it lacked jurisdiction to consider the
motion under the immigration advisement statute, Neb. Rev.

Stat. § 29-1819.02(2) (Reissue 2008), because Chojolan had already completed his sentence. We conclude that the motion is authorized under § 29-1819.02(2) even though Chojolan had completed his sentence. We therefore affirm the district court's ruling regarding defense counsel's advisements, but we reverse the district court's dismissal of Chojolan's motion brought under § 29-1819.02(2) and remand the cause for further proceedings.

## STATEMENT OF FACTS

In November 2006, Chojolan pled guilty to attempted possession of a controlled substance, a Class I misdemeanor. He was sentenced to imprisonment for 30 days and was given credit for time served of 30 days. The record of the plea hearing shows that Chojolan was not informed by the court of any potential immigration consequences stemming from his plea and conviction.

On August 7, 2012, Chojolan filed a "Motion to Withdraw Plea of Guilty and Vacate Conviction," in which he sought to withdraw his 2006 plea. He alleged that neither his counsel nor the court had advised him of the immigration consequences of his plea prior to entry of the plea. He also alleged that he was subject to removal proceedings and denial of naturalization under federal immigration law. Chojolan asserted that the court had jurisdiction based on common-law remedies that allow withdrawal of a plea and vacation of a conviction when trial counsel has failed to advise a defendant of immigration consequences. Chojolan also asserted that the district court had jurisdiction to hear his motion "based on Neb. Rev. Stat. [§] 29-1819.02 and the fact that the Court did not advise him of the immigration consequences of his plea prior to accepting his plea." Section 29-1819.02(2) provides:

> Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section. If, on or after July 20, 2002, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which the

defendant pleaded guilty or nolo contendere may have the consequences for the defendant of removal from the United States, or denial of naturalization pursuant to the laws of the United States, the court, on the defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement.

On October 2, 2012, the court held a hearing on Chojolan's motion and the State's motion to dismiss the motion. The State asserted in its motion, inter alia, that the court lacked jurisdiction to hear Chojolan's motion because Chojolan had completed his sentence and was no longer in the State's custody. At the hearing, Chojolan offered two exhibits—a transcript of the proceedings in the 2006 plea-based conviction and a "Notice of Hearing in Removal Proceedings" issued by the immigration court in Omaha, Nebraska. The court admitted both exhibits with the understanding that the State objected based on its belief that the court did not have jurisdiction of this matter.

In an order filed October 24, 2012, the district court dismissed Chojolan's motion for lack of jurisdiction. The court found that the decision in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), holding that defense counsel has a duty to advise clients of potential immigration consequences of a guilty plea and conviction, did not apply retroactively to Chojolan's 2006 plea and conviction. The court further concluded that it did not have jurisdiction under § 29-1819.02(2) "as a result of [Chojolan's] not currently being in custody, on parole or on probation."

Chojolan appeals.

## ASSIGNMENT OF ERROR

Chojolan claims that the court erred when it determined that it lacked jurisdiction to consider his motion to withdraw his guilty plea. He argues both that *Padilla* should be applied

retroactively and that § 29-1819.02 gave the court jurisdiction to hear his motion.

## STANDARD OF REVIEW

[1] Subject matter jurisdiction is a question of law for the court, which requires an appellate court to reach a conclusion independent of the lower court's decision. *State v. Rodriguez, ante* p. 714, ___ N.W.2d ___ (2014).

## ANALYSIS

Padilla *Does Not Apply Retroactively to Chojolan's 2006 Plea and Conviction.*

Chojolan asserts that *Padilla* should apply retroactively to his claim that he received ineffective assistance when counsel failed to advise him of the potential immigration consequences of his plea and conviction in 2006. We conclude that the district court did not err when it determined that *Padilla* did not apply.

In prior cases, we have noted that in *Chaidez v. U.S.*, ___ U.S. ___, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013), the U.S. Supreme Court held that because *Padilla*, which was decided in 2010, announced a new rule, those defendants whose convictions became final prior to *Padilla* could not benefit from its holding. *State v. Osorio*, 286 Neb. 384, 837 N.W.2d 66 (2013); *State v. Yuma*, 286 Neb. 244, 835 N.W.2d 679 (2013). In *Yuma*, we concluded that because the defendant's conviction was not final until approximately 1 week after *Padilla* was decided, the new rule announced in *Padilla* applied to the defendant. But in *Osorio*, we concluded that because the defendant's conviction had become final nearly a decade before *Padilla* was decided, the rule announced in *Padilla* did not apply retroactively to the defendant's conviction.

In the present case, Chojolan was convicted and sentenced in 2006, and therefore the rule announced in *Padilla* in 2010 does not apply retroactively to his conviction. We conclude that the district court did not err when it determined that *Padilla* did not apply retroactively to Chojolan's 2006 plea and conviction.

*The District Court Has Jurisdiction Under*
*§ 29-1819.02(2) to Consider Chojolan's*
*Motion to Withdraw His 2006 Plea.*

Chojolan asserts that the trial court in 2006 failed to give him statutorily required advisements regarding immigration consequences prior to acceptance of his plea. He claims in this appeal that the district court erred when it concluded that because he had completed his sentence, the court did not have jurisdiction to consider his motion to withdraw his plea. We conclude that under § 29-1819.02(2), the court had jurisdiction to consider Chojolan's motion to withdraw his plea and that the district court erred when it concluded to the contrary.

In *Rodriguez, supra*, we stated that § 29-1819.02(2) creates a statutory remedy for a court's failure to give the appropriate immigration advisement before accepting a plea of guilty and we noted that the remedy was limited to defendants who seek to withdraw pleas that were accepted on or after July 20, 2002. We further stated that with regard to such pleas, all a defendant must show to withdraw a plea under § 29-1819.02 is that (1) the court failed to give all or part of the advisement and (2) the defendant faces an immigration consequence which was not included in the advisement given. *Rodriguez, supra*.

The defendant in *Rodriguez* filed a motion in 2013 seeking to withdraw a guilty plea he had entered in 2004. The district court in *Rodriguez* concluded that it did not have jurisdiction to consider the defendant's motion because at the time he filed the motion in 2013, the defendant had already completed the probation sentence related to his 2004 conviction. We noted on appeal in *Rodriguez* that the language of § 29-1819.02(2) imposes no requirement that a motion to withdraw a plea must be filed before the defendant completes his or her sentence. We determined that we could not read such a limitation into the statute, and we disagreed with the dissent's conclusion that the use of the word "defendant" in the statute demonstrated an intent to impose such limitation. We therefore concluded that as to pleas entered on or after

July 20, 2002, § 29-1819.02(2) gives a court jurisdiction to consider a motion to withdraw such plea or vacate the judgment regardless of whether a defendant has completed his or her sentence.

In the present case, the plea Chojolan seeks to withdraw was entered in 2006, after the July 20, 2002, date set forth in § 29-1819.02(2). Therefore, the district court had jurisdiction to consider Chojolan's motion even though he had completed his sentence prior to the time he filed the motion. We conclude that the district court erred when it determined that it did not have jurisdiction to consider Chojolan's motion. We therefore reverse the district court's dismissal of the motion, and we remand the cause to the district court for further proceedings.

*The District Court Made No Findings Regarding the
Merits of Chojolan's Motion, and We Therefore
Do Not Address the State's Argument That
Chojolan's Evidence Regarding Immigration
Consequences Was Insufficient.*

We finally note that the State argues on appeal that whether or not the district court had jurisdiction to consider Chojolan's motion, Chojolan should not be permitted to withdraw his plea, because he failed to show that the conviction may have immigration consequences as required under § 29-1819.02(2) and our case law. The State specifically contends that although Chojolan presented evidence that immigration proceedings had been brought against him, the evidence did not show that such proceedings were a consequence of the 2006 plea and conviction.

The district court in this case determined that it lacked jurisdiction to consider Chojolan's motion, and the court therefore made no findings with respect to the merits of the motion, including whether Chojolan made the showings with respect to immigration consequences that under § 29-1819.02(2) and our cases would require the court to grant the motion to withdraw his plea. Because the district court made no such findings, we have nothing to review and we make no comment whether

there is sufficient evidence to establish the necessary show-ings to require the court to allow Chojolan to withdraw his 2006 plea.

## CONCLUSION

With respect to Chojolan's assertion that his counsel was ineffective for failing to advise him of the immigration con-sequences of his plea, we agree with the district court that *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), does not apply retroactively to Chojolan's 2006 plea-based conviction. The district court did not err when it denied relief on this basis, and we affirm this aspect of the district court's order. With respect to Chojolan's asser-tion that the court in 2006 failed to advise him as required by § 29-1819.02, we conclude that because the plea was accepted after July 20, 2002, § 29-1819.02(2) provides a remedy with-out regard to whether Chojolan has completed his sentence and that the district court erred when it concluded it lacked subject matter jurisdiction based on the fact that Chojolan had completed his sentence. The district court has jurisdiction to consider Chojolan's motion to withdraw his plea under the remedy provided in § 29-1819.02(2). We reverse the district court's dismissal of Chojolan's motion and remand the cause for further proceedings.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.

CONNOLLY, J., dissenting.

I dissent. For the reasons stated in my dissent to *State v. Rodriguez*,[1] I disagree that Neb. Rev. Stat. § 29-1819.02(2) (Reissue 2008) provides a remedy for a court's failure to give the required immigration advisement after a person has completed their sentence. As set out in the *Rodriguez* dis-sent, I also conclude that the common-law procedure for col-laterally attacking a final judgment and withdrawing a plea was unavailable because Chojolan has not raised a constitu-tional claim.

HEAVICAN, C.J., joins in this dissent.

---

[1] *State v. Rodriguez, ante* p. 714, ___ N.W.2d ___ (2014).