STATE OF NEBRASKA, APPELLEE, V. ROBERT PRICE, APPELLANT.

252 N. W. 2d 165

Filed April 6, 1977. No. 40932.

Frank B. Morrison and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

The state has filed a motion for summary dismissal of this appeal, or, in the alternative, a motion for summary affirmance. The specific reason alleged is defendant's failure to file a motion for a new trial in the District Court. The State contends the filing of the motion for a new trial is mandatory and jurisdictional. The State argues that without it there is nothing for this court to review.

The public defender points out this appeal is from a guilty plea to a charge of burglary. He concedes no motion for new trial was ever filed. We sustain the motion for summary affirmance but not for the reason given by the State.

Section 25-1912, R. R. S. 1943, provides: "Except as otherwise provided in section 29-2306, an appeal

shall be deemed perfected, and the Supreme Court shall have jurisdiction of the cause when such notice of appeal shall have been filed, and such docket fee deposited in the office of the clerk of the district court, and after being so perfected no appeal shall be dismissed without notice, and no step other than the filing of such notice of appeal and the depositing of such docket fee shall be deemed jurisdictional."

Section 29-2306, R. R. S. 1943, covers writs of error in criminal cases. This section states, so far as material herein: "* * * the Supreme Court shall acquire jurisdiction of the case when the notice of appeal is filed with the clerk of the district court."

The contention of the State that this court is without jurisdiction is not correct. A motion for a new trial is not mandatory to give this court jurisdiction of the appeal. However, while this court may have jurisdiction, it will ordinarily not consider any error not presented to the trial court by a motion for a new trial if the trial court would have authority to correct the error assigned. There are some errors on which the court does not have power to act, such as an excessive sentence in a criminal case. Errors of this type are not reached by a motion for a new trial, and will be considered in this court when presented.

In State v. Lacy, 195 Neb. 299, 237 N. W. 2d 650 (1976), we determined that a motion for new trial in a criminal case must be filed within 10 days after the verdict is rendered. When a guilty plea is accepted and the court enters a judgment of conviction thereon, that is the verdict of conviction. The motion for new trial must be filed within 10 days thereafter. § 29-2103, R. R. S. 1943. In most instances this would be before sentencing, rather than within 10 days after sentencing. Another motion after sentencing would be futile because the trial court has no authority to change a sentence after it has once been pronounced and the defendant has left the courtroom.

In this case, defendant appeals from the entry of a sentence on a guilty plea. From his brief, which was filed December 28, 1976, the only assignment of error raised is as follows: "The District Court committed reversible error in accepting the defendant's plea of guilty without inquiring into and determining that the plea was voluntarily made without coercion or threats."

The only issue being raised by defendant is one that should have been presented to the trial court in a motion for a new trial. If there were any deficiencies in the acceptance of defendant's plea, it should have been called to the attention of the trial court within 10 days of the acceptance of the plea. The failure to do so waived it for the purposes of appeal. If the error is of constitutional dimensions, it may be reached in a post conviction proceeding.

It is evident from the files herein that defendant was satisfied with the procedure followed until after sentence was pronounced. At the time defendant was brought before the court for sentencing, he was reminded by the Court that he had pled guilty. He was informed of the nature of his plea, its consequences, and of the penalty attached by law thereto. The defendant, before sentence was pronounced, again advised the court that he adhered to his plea of guilty and desired to stand thereon. He was sentenced to the Penal and Correctional Complex for a period of not less than 3 nor more than 10 years on his conviction for burglary. This is within the limits of the penalty provided for that offense.

The State's motion for summary affirmance should be sustained, not for the reason urged by the Attorney General but because the only assignment of error raised by the defendant should have first been presented to the trial court by a motion for a new trial.

The motion for summary affirmance is sustained and the judgment is affirmed.

MOTION FOR SUMMARY AFFIRMANCE SUSTAINED. JUDGMENT AFFIRMED.