STATE OF NEBRASKA, APPELLEE, v. DANIEL J. MCMAHON, APPELLANT.

331 N.W.2d 818

Filed April 1, 1983. No. 82-284.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

Following a plea of guilty, Daniel J. McMahon was convicted of the crime of delivering marijuana, a violation of Neb. Rev. Stat. §§ 28-416(1)(a) and (2)(b), and 28-405, Schedule I (c)(10) (Cum. Supp. 1982), a Class III felony. He was sentenced to a term of imprisonment of not less than 3 nor more than 5 years. The defendant assigns as error on appeal that the District Court, in connection with the arraignment proceedings, misinformed him as to the possible penalty for the crime, i.e., that it included imprisonment of up to 5 years or a $10,000 fine, or both such fine and imprisonment, when in fact the correct penalty for a Class III felony was not less than 1 year nor more than 20 years or a $25,000 fine, or both such fine and imprisonment.

It is apparent that the actual maximum penalty imposed on the defendant was within the limitation erroneously stated by the trial court. He therefore suffered no prejudice in that regard. However, the minimum portion of the indeterminate sentence, 3 years, exceeded by 16 months that which the court could have imposed had its advice to the defendant of the limitation of "up to five years" been correct. Neb. Rev. Stat. § 83-1,105(1) (Reissue 1981). We cannot order a reduction of the minimum sentence to 20 months because it was a permissible sentence for a Class III felony.

What we are here faced with is a situation in which the defendant was unaware of the penal consequences of his guilty plea because he had been misinformed by the court, and therefore his plea could hardly be said to have been voluntary. *State v. Turner,* 186 Neb. 424, 183 N.W.2d 763 (1971). In *State v. Curnyn,* 202 Neb. 135, 274 N.W.2d 157 (1979), after directing a hearing on the issue of whether the defendant had knowledge of the applicable penalties, we said: "If the court finds he was not aware of the penal consequences of the plea, the judgment of conviction shall be deemed vacated and he shall be permitted to plead again." *Id.* at 140-41, 274 N.W.2d at 161.

The judgment and sentence of the District Court are reversed and vacated and the cause is remanded for further proceedings.

REVERSED AND REMANDED.