STATE OF NEBRASKA, APPELLEE, V. RODGER A. BRANCH, APPELLANT.

371 N.W.2d 740

Filed August 9, 1985. No. 85-111.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from a conviction and sentence for the

crime of burglary. The appellant was sentenced to a term of 16 to 24 months in the Nebraska Penal and Correctional Complex.

A single assignment of error is presented:

> The District Court committed federal constitutional and otherwise reversible error in finding that the Defendant's guilty plea was voluntarily, knowingly, and intelligently entered, and in adjudging him guilty and sentencing him despite the Court's prior failure to ever advise the Defendant that by pleading guilty he was waiving his essential Fifth and Fourteenth Admendments [sic] privilege against self-incrimination.

In an otherwise well-conducted dialogue, the court explained the constitutional rights of the defendant and the consequences of the plea of guilty the defendant proposed to enter as a result of a plea bargain. However, in the recitation the court omitted any reference to the defendant's right to remain silent and to not testify at the trial. The court elicited from the defendant the factual basis for the burglary charge.

We said in *State v. Tweedy*, 209 Neb. 649, 655-56, 309 N.W.2d 94, 98 (1981):

> It is readily apparent that the *record* fails to disclose that defendant knew of his right to a jury trial, of the right to confront witnesses against him, or of the privilege against self-incrimination. It is therefore impossible to conclude from a record entirely barren of any facts demonstrating that defendant understood his various rights *that the defendant voluntarily and intelligently gave them up by pleading guilty.*

(Emphasis supplied.)

The Attorney General suggests that absent a motion for new trial this issue may not be raised in this court, while conceding that Neb. Rev. Stat. § 25-1912.01(1) (Cum. Supp. 1984) provides that "[a] motion for a new trial shall not be a prerequisite to obtaining appellate review of any issue upon which the ruling of the trial court appears in the record."

At issue is the voluntariness of a plea of guilty which, under the command of *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), cannot be established in the absence of a waiver on the record. We merely point out that in

the sentencing dialogue the court specifically stated, "I find that Mr. Branch has voluntarily, knowingly, and intelligently offered me a plea of guilty to the charge." The argument of the State is without merit.

The judgment is reversed, defendant's conviction is vacated, and the cause is remanded to the district court for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

KRIVOSHA, C.J., concurs.

CAPORALE, J., concurring.

I agree with the result reached by the majority but believe we should take the time to articulate the distinction between this case and *State v. Fischer,* 218 Neb. 678, 357 N.W.2d 477 (1984), *after remand ante* p. 664, 371 N.W.2d 316 (1985), *State v. McMahon,* 213 Neb. 897, 331 N.W.2d 818 (1983), and *State v. Curnyn,* 202 Neb. 135, 274 N.W.2d 157 (1979), and thereby dispel the suggestion that the situations in all four cases should be treated in the same fashion.

*Fischer*, *McMahon*, and *Curnyn* hold that where a criminal defendant has not been informed of the penal consequences of his guilty plea, the appropriate remedy on appeal is to remand the matter for a hearing to determine whether the defendant nonetheless knew the range of penalties for the charge. If so, the judgment and sentence are to stand; if not, the judgment and sentence are to be vacated and the defendant permitted to plead anew.

The question arises, then, why a different disposition when the trial judge fails to advise the defendant that he has the right to remain silent and the right to not testify at trial. The answer is that in this situation the trial judge must himself ascertain not only that the defendant knows his rights but must also determine that the defendant voluntarily, knowingly, and intelligently waives them.

A criminal defendant cannot waive a penalty; therefore, it is only required that he know the penal consequences of his plea. Thus, it matters not where or how he acquires that knowledge so long as he has it at the time of his plea. By contrast, a judge cannot satisfy himself that the defendant has voluntarily,

knowingly, and intelligently waived the right to remain silent and the right to not testify without, in the absence of unequivocal conduct by the defendant so establishing, specifically asking whether those rights are waived.

The situations are not the same and therefore cannot be treated as if they were.