STATE OF NEBRASKA, APPELLEE, V. RICHARD E. WRIGHT, APPELLANT.

374 N.W.2d 26

Filed September 20, 1985.  No. 85-028.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, Richard E. Wright, pled guilty to a charge of theft by receiving stolen goods valued at over $300 but less than $1,000 in violation of Neb. Rev. Stat. § 28-517 (Reissue 1979). Upon a plea of guilty he was sentenced to imprisonment for a period of not less than 12 nor more than 16 months and was ordered to pay costs. He appeals the conviction and sentence on the sole ground that the trial court failed to advise him that he had the right to remain silent and to not testify at trial. We reverse and remand for further proceedings.

We first address the State's argument that we do not reach the merits of the issue presented by Wright because he failed to raise the issue in a motion for new trial, citing *State v. Price*, 198 Neb. 229, 252 N.W.2d 165 (1977). *Price* observed that while a motion for new trial was not required in order for this court to acquire jurisdiction of an appeal, the court would nonetheless ordinarily not consider any error not presented to the trial court by such a motion if the error were of such a nature that it could have been corrected.

The argument overlooks the 1982 enactment of Neb. Rev. Stat. § 25-1912.01(1) (Cum. Supp. 1984), which provides: "A motion for a new trial shall not be a prerequisite to obtaining appellate review of any issue upon which the ruling of the trial court appears in the record."

The record shows that the trial court, following a colloquy with defendant, stated: "I accept the plea of guilty to the charge and find and adjudge Mr. Wright guilty as charged . . . ." This amounts to a ruling by the trial court that Wright's plea was made voluntarily, knowingly, and intelligently. It follows, therefore, that we are being asked to review an issue upon which the ruling of the trial court appears in the record. That being so, the State's argument is without merit.

The substantive issue presented, that is, whether Wright's plea can be said to have been voluntarily, knowingly, and intelligently made in the face of an absence in the record of a waiver of the right to remain silent and the right to not testify at trial, is answered negatively by our recent opinion in *State v. Branch, ante* p. 754, 371 N.W.2d 740 (1985).

Accordingly, the judgment is reversed, defendant's

conviction and sentence are vacated, and the cause is remanded to the district court for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.