STATE OF NEBRASKA, APPELLEE, V. JOANNE G. TURNER, APPELLANT.

375 N.W.2d 154

Filed October 25, 1985.    No. 85-312.

Thomas M. Kenney, Douglas County Public Defender, and Bennett G. Hornstein, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Joanne G. Turner entered her guilty plea to second degree forgery. See Neb. Rev. Stat. § 28-603 (Reissue 1979). The district court sentenced Turner to imprisonment for a term of 20 to 40 months. Turner appeals her conviction and sentence on the sole ground that the district court failed to advise Turner

that she had the right to remain silent and not testify at trial.

At Turner's arraignment on May 11, 1984, the district court failed to inform Turner that she had a constitutional right to remain silent and that a guilty plea constitutes a waiver of that right. The court, referring to a statement made by Turner while in custody of police, did inform Turner that by a guilty plea she gave up her right to "come in and try to get the judge to exclude that statement from the evidence."

The State first contends that we are precluded from reaching the merits of the appeal because Turner did not file a motion for new trial; rather, Turner timely filed her notice of appeal to this court. In *State v. Wright*, 220 Neb. 847, 374 N.W.2d 26 (1985), we confronted and rejected the same contention now presented by the State. See Neb. Rev. Stat. § 25-1912.01 (Cum. Supp. 1984) (motion for new trial unnecessary for appellate review of a trial court's ruling which appears in the record). For the reasons set forth in *State v. Wright, supra,* we proceed to consider the merits of Turner's appeal.

The State next argues that the district court, by reference to Turner's right to question admissibility of her in-custody statement, fulfilled the requirement of *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), namely, a defendant entering a guilty plea must have been informed by the court concerning the defendant's constitutional privilege against self-incrimination. Although the fifth amendment privilege against self-incrimination may, in part, provide a basis for excluding Turner's in-custody statement, a question not presented or decided in this appeal, the privilege against self-incrimination within the purview of *State v. Tweedy, supra,* is a defendant's right to remain silent and not testify at trial. See, *State v. Branch*, 220 Neb. 754, 371 N.W.2d 740 (1985); *State v. Wright, supra*. While the district court may have, as the State characterizes the situation, "broached" the subject of self-incrimination by the court's reference to possible suppression of Turner's custodial statement, mere broaching does not satisfy the mandatory and adequately explanatory admonition to be given by a trial court concerning a defendant's constitutional guarantee against self-incrimination. The record clearly shows that the district court did not inform Turner of

her right to remain silent and not testify at trial, a judicial admonition required by *State v. Wright, supra.* In the absence of a waiver of the privilege against self-incrimination, a distinct constitutional right, we cannot presume that Turner's plea was voluntarily, knowingly, and intelligently entered. See *State v. Branch, supra.*

Accordingly, the judgment is reversed, defendant's conviction and sentence are vacated, and the cause is remanded to the district court for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.