Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/15/2022 12:07 AM CDT

State of Nebraska, appellee, v.
Jon P. Worthman, appellant.
___ N.W.2d ___

Filed April 1, 2022.    No. S-21-330.

1. **Evidence: Appeal and Error.** When reviewing the sufficiency of the evidence to support a conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

2. ____: ____. An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact.

3. **Criminal Law: Motions for New Trial: Appeal and Error.** In a criminal case, a motion for new trial is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed.

4. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

5. **Controlled Substances: Intent: Evidence: Expert Witnesses: Juries.** Evidence of the quantity of a controlled substance possessed, combined with expert testimony that such quantity indicates an intent to deliver, can be sufficient for a jury to infer an intent to deliver.

6. **New Trial: Evidence: Witnesses.** To warrant a new trial, newly discovered evidence must involve something other than the credibility of the witness who testified at trial.

Appeal from the District Court for Scotts Bluff County: Richard A. Birch, Judge. Affirmed.

Maren Lynn Chaloupka, of Chaloupka Law, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Heavican, C.J.

## INTRODUCTION

Defendant and criminal defense attorney Jon P. Worthman was arrested after he purchased cocaine from his client, Jeffrey Lujan, in the course of a controlled delivery orchestrated by the Western Nebraska Intelligence and Narcotics Group (WING). The State charged Worthman with possession of a controlled substance with intent to distribute. Evidence offered at a bench trial revealed that Worthman received "ounce" amounts of cocaine from Lujan over a period of many months. Evidence also showed that Worthman had falsely indicated to Lujan that the cocaine was being distributed to a local prosecutor to obtain favorable outcomes regarding criminal cases against Lujan and his colleagues.

The district court found Worthman guilty and later overruled Worthman's motion for new trial. The district court sentenced Worthman to 3 to 3 years' imprisonment, with 2 days' credit for time served. Worthman appealed, and we moved this case to our docket. We affirm.

## FACTUAL BACKGOUND

On January 7, 2020, law enforcement conducted a controlled delivery of 1 ounce of cocaine from Lujan to Worthman. Following the transaction, law enforcement arrested Worthman and charged him with possession of a controlled substance (10 to 28 grams of cocaine) with intent to distribute, in violation of Neb. Rev. Stat. § 28-416(1) and (7)(c) (Cum. Supp. 2020), a Class ID felony. Worthman waived his right to a jury trial, and the case proceeded to a bench trial on September 15.

At trial, the State offered testimony from Andrew Soucie, an investigator with the Scottsbluff Police Department and a member of the WING task force, as well as Lujan. The State conditionally offered certain additional evidence under Neb. Rev. Stat. § 27-404(2) (Supp. 2019), with the understanding that the district court would rule on its admissibility later, following the evidentiary portion of the trial. Evidence presented as part of this conditional offer related to Lujan and Worthman's relationship and whether Worthman had the requisite mental state during the January 7, 2020, controlled delivery.

Evidence presented at trial showed that Lujan was a mid-level drug dealer, that Worthman was a criminal defense attorney, and that Lujan was one of Worthman's legal clients. Lujan first retained Worthman to represent him sometime in July 2018 and, thereafter, retained Worthman periodically to represent him and others in various criminal matters.

Soucie first met Lujan due to Lujan's repeated contacts with law enforcement. In November 2019, Soucie signed up Lujan to work as a confidential informant for the WING task force. Soucie conducted an interview with Lujan on November 6, to collect information regarding potential targets for controlled deliveries or controlled buys. During this interview, Lujan informed Soucie that he had previously delivered cocaine to his attorney, Worthman, and could do so in the future.

Sometime in December 2019, Soucie approached his supervisors and inquired into the possibility of obtaining 1 ounce of cocaine to perform a controlled delivery to Worthman. Soucie had determined that 1 ounce should be used in the controlled delivery because, based on the information from Lujan, 1 ounce would be most common for Lujan to deliver.

On the morning of January 7, 2020, Lujan informed Soucie that he had met with Worthman, that Worthman had agreed to purchase 1 ounce of cocaine for $500, and that an additional debt that Lujan owed to Worthman would be forgiven as part of the transaction. Soucie assembled a team to participate in the controlled transaction, and he went with the WING task

force commander to the Nebraska State Patrol evidence locker to retrieve the cocaine that would be used in the delivery: a little over 1 ounce of cocaine packaged in a Ziploc bag.

Soucie and his team then met at Lujan's house to prepare for Worthman's arrival. Lujan was given two different audio and video recording devices to assist in collecting information during the controlled delivery. One of the devices actively transmitted audio so that Soucie and his team could listen to the transaction in real time.

When Worthman arrived outside Lujan's residence, the WING task force commander gave the Ziploc bag of cocaine to Lujan; the commander had maintained control of the bag from the time it was removed from the evidence locker until the time it was given to Lujan for the controlled delivery. Lujan left his residence and got into the passenger seat of Worthman's vehicle.

Once inside Worthman's vehicle, Worthman stated that he only had $100 on him, not $500, but offered to "figure something out." Worthman then talked about getting a gun for $1,600, and Lujan responded by accepting the $100 and agreeing to work out the details of the remaining balance at a later time. Worthman asked, "I can give you this, but what am I getting?" to which Lujan responded by handing him the bag of cocaine and saying, "best . . . you've ever seen, here, check it out." Worthman then said, "Yeah, I've seen that, alright, there you go." Lujan and Worthman spent a few moments assuring each other that they were "good for it" in terms of what they owed to each other, and Worthman told Lujan "[a]s far as you and I are concerned, we are straight as . . . rain."

After Soucie heard this exchange confirming that the transaction had occurred, Soucie activated his team to arrest Worthman. Audio recordings of the transaction reveal that Lujan first noticed officers approaching the vehicle, to which Worthman says "take this, go, go, go." Officers retrieved the cocaine from the passenger side of the vehicle.

Worthman was taken into custody and later interviewed. During the interview, Worthman first denied any involvement with Lujan or cocaine, saying that he had no idea why Lujan "threw" the bag of cocaine at him because Worthman was only there to collect attorney fees that Lujan owed him. Later, Worthman admitted to using cocaine, but denied ever buying cocaine from Lujan. Worthman then changed his story again and admitted that he had bought cocaine from Lujan in the past, but stated that it was a long time ago and that he had never sold cocaine and was not a dealer.

Subsequently, Worthman continued to alter his story, claiming again that he never got any cocaine from Lujan and did not use cocaine. After investigators pushed him for more information, he once again admitted to using cocaine and receiving it from Lujan, but asserted that he never intended to get that quantity from Lujan and was not distributing drugs to others.

As part of the State's conditional offer, Soucie testified that in addition to the text messages he collected from Lujan's cell phone, which were dated December 10, 2019, to January 7, 2020, Lujan had contacted Soucie on January 10, 2020, regarding additional text messages he received from Worthman on another cell phone. Lujan offered to provide the second cell phone to Soucie in exchange for protection against future charges. Soucie thereafter collected screenshots of text messages from this second cell phone; the text messages were dated January 7, 2019, to June 15, 2019.

Also as part of the State's conditional offer, Lujan testified that he generally paid Worthman for his legal services in cocaine. Many of the legal services that Lujan paid for were apparently a ruse by Worthman to get free cocaine; for example, Worthman told Lujan in May 2019 that it would cost 2 ounces of cocaine to ensure Lujan's cousin received probation rather than incarceration, when probation was already the most likely outcome of that case. According to Lujan, Worthman repeatedly indicated that the cocaine was being

used to bribe a local prosecutor to reduce or waive charges against Lujan or his colleagues.

Following a bench trial, Worthman was found guilty of possession of a controlled substance (10 to 28 grams of cocaine) with intent to distribute, a Class ID felony.

After conviction, Worthman filed a motion for new trial on the basis of insufficient evidence and newly discovered evidence that was both relevant and material to Worthman's claim. Such evidence consisted of four additional felony charges and misdemeanors against Lujan in the 3 months between the close of evidence and the court's determination of guilt, as well as a plea agreement offered to Lujan in which most of the charges were dismissed in favor of Lujan's agreeing to pay restitution.

At a hearing on March 26, 2021, the district court received evidence and heard arguments from the parties regarding Worthman's motion for new trial. The district court ultimately overruled the motion and proceeded to sentencing. The district court then sentenced Worthman to 3 to 3 years' imprisonment with 2 days' credit for time served. Worthman appealed his conviction and sentence, and we moved this case to our docket.

ASSIGNMENTS OF ERROR

On appeal, Worthman assigns that the district court erred in (1) finding sufficient evidence to support a verdict that Worthman was guilty beyond a reasonable doubt and (2) overruling Worthman's motion for new trial based on newly discovered evidence.

STANDARD OF REVIEW

[1,2] When reviewing the sufficiency of the evidence to support a conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt.[1] Whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact.[2]

[3,4] In a criminal case, a motion for new trial is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed.[3] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[4]

## ANALYSIS

### INSUFFICIENT EVIDENCE

In his first assignment of error, Worthman argues that the district court erred in finding sufficient evidence to support a verdict that Worthman was guilty of possession of a controlled substance with intent to distribute. According to Worthman, the evidence was insufficient regarding the element of intent because Lujan determined how much cocaine to use in the controlled delivery and because Worthman never indicated that he wanted to purchase such a large amount. Instead, Worthman asked "what am I getting?" which Worthman argues is indicative of a narcotics user but not indicative of a narcotics distributor. Worthman emphasizes that the only eyewitness who claims to have seen him distribute cocaine to others was Lujan, who has multiple credibility problems. Accordingly, Worthman contends that there is no credible evidence showing that he ever did or intended to distribute narcotics to another.

---

[1] *State v. Kofoed*, 283 Neb. 767, 817 N.W.2d 225 (2012).

[2] *Id.*

[3] *State v. Faust*, 269 Neb. 749, 696 N.W.2d 420 (2005).

[4] *Id.*; *State v. King*, 269 Neb. 326, 693 N.W.2d 250 (2005), *overruled on other grounds, State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020).

In reviewing the sufficiency of the evidence to support Worthman's conviction, the relevant question for this court is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[5] We will not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact.[6]

Worthman admits that "Soucie opined that [Worthman] went through a lot of cocaine in six months" and that Soucie stated that "'my opinion is that this is more than personal use.'"[7] Worthman also acknowledges that such testimony "can support a conviction," but argues that this testimony "does not mean that it must result in a conviction."[8] But this court is not tasked with determining whether the conviction must have or should have occurred, as such a finding would be dependent on this court's reweighing the evidence. Instead, we look for whether the evidence presented could have supported a conviction when viewed and construed most favorably to the State.

Evidence presented at trial showed that the substance used in the controlled delivery was cocaine in the requisite amount. The audio recording from the delivery indicates that Worthman possessed the cocaine after Lujan handed Worthman the bag of cocaine in his vehicle.

[5] As for intent, we have stated repeatedly that evidence of the quantity of a controlled substance possessed, combined with expert testimony that such quantity indicates an intent to deliver, can be sufficient for a jury to infer an intent to deliver.[9] Here, evidence in the form of text messages showed that Worthman had previously received large amounts of

---

[5] See *State v. Kofoed, supra* note 1.

[6] *Id*. Accord *State v. Utter*, 263 Neb. 632, 641 N.W.2d 624 (2002).

[7] Brief for appellee at 17.

[8] *Id.*

[9] *State v. Utter, supra* note 6.

cocaine from Lujan. Soucie testified that such a large amount of cocaine was "a lot of cocaine" for one user, "even a heavy addict," and that if one user tried to consume that amount of cocaine, the user would "probably have a heart attack." Soucie also characterized the amount as "a lot of cocaine for someone who's selling it to have at one time, much less use. It's unheard of, I guess, in my training and experience." While this evidence is circumstantial, it supports a finding that Worthman intended to distribute, deliver, or dispense the cocaine in his possession.

Based on the evidence presented at trial, and in viewing such evidence in a light most favorable to the State, we find that a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Accordingly, the evidence was not insufficient to support Worthman's conviction, and this assignment of error is without merit.

### Motion for New Trial

In his second assignment of error, Worthman assigns that the district court abused its discretion in denying Worthman's motion for new trial, based on evidence that Worthman could not have discovered before trial. This evidence included four additional felony charges and misdemeanors against Lujan, each of which arose within the 3 months between the close of evidence and the district court's determination of guilt, as well as a plea agreement offered to Lujan. Under the plea agreement, most of the charges brought against Lujan within this 3-month period were dismissed in favor of Lujan's agreeing to pay restitution.

Worthman argues that as a result of the additional felony and misdemeanor charges, Lujan was motivated to lie; if Lujan was able to help convict Worthman, Lujan could potentially gain leniency from the State regarding his own criminal charges. Further, Worthman argues that the State's tolerance of Lujan's repeated breaches of the law and breaches of the cooperation agreement indicates that some other agreement—whether it

be oral or written, formal or informal—must be in place in order to preserve Lujan's availability as a witness against Worthman. Since such agreement was not disclosed to Worthman prior to trial, and because Worthman was not notified about the additional charges against Lujan, Worthman argues that he is entitled to a new trial.

[6] We have previously held that to warrant a new trial, newly discovered evidence must involve something other than the credibility of the witness who testified at trial.[10] But here, the evidence Worthman describes would go only to Lujan's credibility. Further, the record indicates that Lujan's credibility was both extensively tested on cross-examination and specifically considered by the district court in its determination of Worthman's guilt. Hence, such evidence is insufficient to warrant a new trial and the district court did not abuse its discretion in denying Worthman's motion for new trial. This assignment of error is without merit.

## CONCLUSION

The evidence in this case was sufficient for a reasonable trier of fact to find all essential elements of the crime beyond a reasonable doubt. The district court did not err in finding sufficient evidence to convict Worthman. Accordingly, we affirm Worthman's conviction of possession of a controlled substance with intent to distribute.

Further, we find no merit to Worthman's contention that he is entitled to a new trial based on evidence of the additional charges brought against Lujan and the plea agreement between Lujan and the State. Such evidence related only to Lujan's credibility and is therefore insufficient to warrant a new trial.

Finding no abuse of discretion, we affirm the decision of the district court denying Worthman's motion for new trial.

Affirmed.

Freudenberg, J., not participating.

---

[10] *State v. Bartel*, 308 Neb. 169, 953 N.W.2d 224 (2021).